**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Woodrow Shannon, Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2021-001037

―――――――――

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

―――――――――

Unpublished Opinion No. 2022-UP-196
Submitted May 12, 2022 – Filed May 13, 2022

―――――――――

**REVERSED AND REMANDED**

―――――――――

Nancy Carol Fennell, of Irmo, for Appellant.

Patrick A. McWilliams, of the South Carolina
Department of Social Services, of Orangeburg; and
Scarlet Bell Moore, of Greenville, both for Respondent.

Jerrod Austin Anderson, of Anderson Law Office, P.A.,
of Orangeburg, for the Guardian ad Litem.

―――――――――

**PER CURIAM:** Woodrow Shannon (Father) appeals an order of the family court, arguing the family court erred by (1) finding he had abused or neglected his minor child (Child) and (2) allowing the South Carolina Department of Social Services (DSS) to forgo reasonable efforts to reunite Child with Father. We reverse.

1. We find a preponderance of the evidence does not support the family court's finding that Father abused or neglected Child. *See Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009))); S.C. Code. Ann. § 63-7-20(6)(a)(i)-(vii) (Supp. 2021) (defining the seven acts or omissions that constitute "[c]hild abuse or neglect"). Thus, we reverse the family court's finding that Child was abused or neglected by Father.

2. We find the family court erred by approving a permanency plan of "another planned permanent living arrangement (APPLA)" for Child because Child was only fifteen years old at the time of the hearing. *See* S.C. Code Ann. § 63-7-1700(C)(2) (Supp. 2021) ("The court shall not approve or order APPLA . . . for children under the age of sixteen."). Therefore, we find a preponderance of the evidence does not support the family court's grant of DSS's request to forgo reasonable efforts to reunify Father and Child. *See Lewis*, 392 S.C. at 384, 709 S.E.2d at 651 ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason*, 384 S.C. at 479, 682 S.E.2d at 807)); S.C. Code Ann. § 63-7-1640(C)(8) (Supp. 2021) ("The family court may authorize [DSS] to . . . [forgo] reasonable efforts . . . when . . . implementation of reasonable efforts . . . is inconsistent with the permanent plan for the child."); § 63-7-1700(C)(2) ("If the court approves a plan of [APPLA], the court must find compelling reasons for approval of the plan, including compelling reasons why reunification with the parents, custody, or guardianship with a fit and willing relative, or termination of parental rights and adoption is not in the [child's] best interest . . . ."); *id.* ("At each hearing in which the court approves or renews APPLA for a child over the age of sixteen, the court must ask the child about the child's wishes as to the placement plan."). Thus, we reverse the family court's grant of DSS's request to forgo reasonable efforts to reunify Father and Child.

**REVERSED AND REMANDED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**